IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        :
                                :       CRIMINAL ACTION
          v.                    :
                                :       04-10197-MLW
JUAN RIVERA ALVARADO            :


**MOTION FOR EXPEDITED RECONSIDERATION OF
COURT'S ORDER OF CONDITIONS OF RELEASE AND
REQUEST FOR ISSUANCE OF WARRANT OF ARREST**

     The United States of America, by Michael J. Sullivan,
United States Attorney, and Nadine Pellegrini, Assistant United
States Attorney for the District of Massachusetts, hereby files
this Motion for Expedited Reconsideration of Magistrate Judge's
Order of Conditions of Release and Request for Issuance of
Warrant of Arrest as follows:

     1.   The Defendant was indicted on July 7, 2004 for
violations of 8 U.S.C. §1326(a) (illegal re-entry by deported
alien) and 18 U.S.C. §1028(a)(6)(possession of fraudulent
identification documents).  The government moved for detention of
the defendant pursuant to 18 U.S.C. §3142(f)(2)(a).

     2.   On July 22, 2004, the court released the defendant. See
Exhibit A, Order Setting Conditions of Release, attached hereto.

     3.   As a result of the release, the Defendant was taken
into custody by Immigration and Customs Enforcement pursuant to
that agency's detainer. See Exhibit B, Immigration Detainer,
attached hereto.

4. Defendant, having been previously deported, was subject to reinstatment of his prior removal order. See Exhibit C, Notice of Intent, attached hereto; see also Section 241(a)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(5), entitled "Reinstatement of removal orders against aliens illegally reentering," provides in relevant part that:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed ... the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

5. Pursuant to the directive of this court, Immigration and Customs Enforcement officials were required to move with "all deliberate speed" to take steps to remove the defendant after he was finally determined to be removable for having illegally reentered the United States. See United States v. Restrepo, 59 F.Supp.2d 133 (D.Mass. 1999).

6. On June 24, 2004, prior to the indictment of the defendant on criminal charges, a request for the alien travel documents for the defendant were made to his native country. See Exhibit D, Letter to Consulate General, attached hereto.

7. On August 11, 2004, in response to the request by ICE, the Consulate General of Honduras in New York provided written permission for the Defendant to be admitted to Honduras. See Exhibit E, Notice from Consulate General, attached hereto.

8.  As a result of the alien travel document production, the defendant can now be deported. ICE officials have reserved an airline reservation for the Defendant for August 25, 2004.

9.  Although ICE officials are aware of the pending criminal charges, ICE officials are also charged with the knowledge that they are not permitted to detain aliens for the purposes of prosecution. As Judge Wolf wrote in <u>Restrepo</u>, "The court notes that it is now especially important that all involved, including the courts, be vigilant to assure that deportable aliens are not detained longer than necessary to effect their removal because, as a result of recent changes in the immigration laws, an alien detained by the INS no longer has the opportunity for habeas corpus relief from extended detention that was available at the time..."

10.  Unless the Defendant is in the custody of the U.S. Marshal's, the defendant's deportation will take place on August 25, 2004, prior to the disposition of the pending criminal case and the government will lose its ability to prosecute the defendant.  This is neither a fair nor equitable disposition as it allows the defendant to receive special treatment, to avoid prosecution, simply because he is an illegal alien.

11.  Therefore, the government respectfully requests that this court revoke its conditions of release and issue an arrest warrant so that the Defendant will be placed in Marshal's custody.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

CHARLES RANKIN, ESQ.
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110

This 20th day of August, 2004.

/s/Nadine Pellegrini
NADINE PELLEGRINI
Assistant U.S.  Attorney