UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

NO. 04-CR-10197-MLW

UNITED STATES

v.

JUAN RIVERA ALVARADO,
Defendant

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR EXPEDITED RECONSDIERATION OF CONDITIONS OF RELASE AND REQUEST FOR ISSUANCE OF WARRANT OF ARREST**

The defendant Juan Rivera Alvarado objects to the government's motion for reconsideration – expedited or otherwise – of the Magistrate Judge's order of release and request for issuance of an arrest warrant. The government's motion is late. It does not set forth any legal basis for relief. And the equities of the case merit denial of the relief sought by the government.

**Procedural History**

The defendant is a citizen of Honduras. He is 28 years old. According to the Pretrial Services Report, the defendant has worked at the same job for Commercial Cleaning Services in Boston for the five years preceding his arrest. He has no criminal record of any sort.

According to the testimony at the detention hearing, and documents produced in discovery, the defendant was arrested at his home on Pratt Street in Boston at 6 a.m. on

June 8, 2004 by officers from the Bureau of Immigration and Customs Enforcement. A BICE arrest warrant was issued for illegal reentry and was served on the defendant at 11:24 a.m. that same day. The defendant was questioned by BICE agents investigating alien smuggling. After the interview, BICE agents decided to reinstate a 1998 deportation order. The report (BICE form I-213) specifically noted, "Prosecution for Re-Entry After Deportation, 8 U.S.C. Section 1326, was declined on a blanket waiver by the US Attorney's Office, Boston, MA." (That sentence is crossed out on a copy furnished to counsel.) See Exhibits A and B.

On June 24, some 16 days later, BICE officials mailed a request for travel documents to the Honduran Consulate in New York. Exhibit C. The Honduran Consulate requires that BICE present the individual to the Consulate before travel documents will issue. That was not done here until August 11.

Meanwhile, at some time unknown to the defendant, the U.S. Attorney's Office decided to prosecute the defendant.[1] An indictment was returned on July 7, 2004. BICE filed a detainer with the Marshals Service on July 9. See Exhibit F. The defendant was first brought to Court on July 12. He had been held for 34 days before being brought to Court. A detention hearing was held on July 15. On July 22, at the continuation of the detention hearing, Chief Magistrate Judge Bowler ordered the defendant's release. The government had argued that the defendant would be deported because BICE has filed a detainer. The defendant had argued that if BICE and the Department of Justice really wanted to prosecute the defendant, they could figure out a way to keep him here.

---

[1] A fax cover sheet from BICE to the FBI, asking for a fingerprint comparison, was apparently sent no earlier that June 29. See Exhibits D and E.

2

BICE did not withdraw its detainer. Instead, the defendant was released by the Marshals to BICE. On August 10, Magistrate Judge Cohen conducted an initial status conference. The government said nothing about moving to reconsider the detention order. The government lawyer observed that in all likelihood, BICE would deport the defendant before the next court date. On August 11, BICE presented the defendant to the Honduran Consulate in New York and travel documents were issued. On August 20, the government filed its motion for "expedited reconsideration" of the release order. That motion was filed <u>29 days after</u> the issuance of the release order.

The defendant is charged with two counts: (1) Count 1 charges that he illegally reenter the United States after having previously been deported; (2) Count 2 charges that he possessed unlawfully made United States identification documents – a green card and a social security card bearing his own name. If convicted of both offenses, the defendant faces a guideline sentencing range (assuming that the guidelines are viable in the aftermath of <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004)), of 0 to 6 months, assuming that he were to plead guilty.

## Summary of Applicable Law

Under Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, a party must serve and file any objection to the magistrate judge's order within 10 days of being served with a copy of the order. Here, the release order was issued in open court, in the presence of the government lawyer, on July 22, 2004.

Under that same rule, and under the operative statute, 28 U.S.C. § 636(b)(1)(A), the order may only be modified or set aside if the order is determined to be clearly erroneous or contrary to law.

Under Rule 2(c), the filing of an objection does not operate as a stay of the ruling. Any party seeking a stay of the ruling must first seek relief from the magistrate judge.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3142(f)(2), a hearing may be reopened if the judicial officer finds that information exists which was not known to the movant at the time of the hearing.

Under the sentencing guidelines, the crime of unlawfully reentering the United States carries a base offense level of 8 (USSG 2L1.2). Under the sentencing guidelines, fraudulently acquiring false legal residency documents carries a base offense level of 8, which might be increased by 2 levels if the defendant if an unlawful alien who has previously been deported (USSG 2L2.2). Application Notes 2 indicates that the two counts would be grouped together, so that the defendant's total offense level would be 8 on a plea, calling for a sentence of 0-6 months.

**Application of Law to Facts**

The government has waited too long to seek reconsideration of the release order. The deadline for seeking reconsideration was ten days after July 22, or no later than August 9. Therefore, the motion should be denied.

The motion should also be denied because the government has not shown what information exists now that was not known to the government when the release order was issued. The government's entire argument is that BICE has processed the defendant for deportation, following his release by the magistrate judge. There is nothing new about

4

that fact. The subject was discussed at length at the July 22 hearing before Chief Magistrate Judge Bowler. Had it wanted to, the government could have asked BICE to withdraw its deportation detainer. The government chose not to do so. They should not now be heard to come into Court for "expedited reconsideration."

Moreover, there is something deeply offensive about the government's conduct in this case. It has dragged its heels at every step of the way. The defendant was arrested on June 8. He has been in custody since that time. He did not appear before a judge until July 12, over a month later. The government sought travel documents on June 24, but did not present the defendant to the Honduran Consulate until August 11. The government made no mention of its intention to seek reconsideration when the parties appeared before Magistrate Judge Cohen on August 10. Finally, the defendant's counsel notes that the government's practice of filing the motion for "expedited reconsideration" on Friday, August 20, and mailing it (rather than faxing or emailing it) to defense counsel, is unnecessarily disruptive to counsel's schedule.

## Conclusion

For these reasons, the defendant objects to the government's motion for reconsideration.

Respectfully submitted
The defendant Juan Rivera Alvarado
By his attorney

Charles W. Rankin
BBO No. 411780
Rankin & Sultan
One Commercial Wharf North
Boston, MA 02110
(617) 720-0011

5

**Certificate of Service**

I certify that I have served the foregoing upon counsel of record by delivering a copy to Assistant U.S. Attorney James Lang, Moakley U.S. Courthouse, Suite 9200, Boston, MA 02210 on August 23, 2004.

_____
Charles W. Rankin