FILED
IN CLERK'S OFFICE

2004 AUG 25 P 4: 51

U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA )
                         )
        V.               )   CRIMINAL NO. 04-10197-MLW
                         )
JUAN RIVERA ALVARADO     )
```

### GOVERNMENT'S MOTION TO VACATE ORDER AND WITHDRAW ARREST WARRANT

The government hereby moves this Court to: (1) vacate its August 24, 2004 order allowing the government's Motion For Expedited Reconsideration Of Court's Order Of Conditions Of Release And Request For Issuance Of Warrant Of Arrest; and (2) withdraw the arrest warrant issued pursuant to the government's request. As grounds therefor, the government states as follows:

1. This matters involves two related cases pending before this Court. In this case, (Criminal No. 04-10197-MLW) Juan Rivera Alvarado is charged with illegal reentry by deported alien, in violation of 8 U.S.C. §1326(a), and possession of fraudulent identification documents, in violation of 18 U.S.C. §1028(a)(6). In the second case, his brother Rodas Alvarado (Criminal No. 04-10191-WGY) is charged with illegal reentry by deported alien, in violation of 8 U.S.C. §1326(a), and harboring of aliens, in violation of 8 U.S.C. §1324. The two cases arose out of the same investigation and both brothers were arrested by ICE, under its civil arrest authority, at the same time. After indictment in this Court, both brothers were transferred from ICE

custody to the custody of the United States Marshal. Detainers were lodged at that time by ICE with the United States Marshal.

2.   Indicted separately, detention proceedings for the brothers were pursued separately. In the case of Rodas Alvarado, Judge Young ordered the defendant released on conditions. In this case, Magistrate Judge Bowler ordered Juan Rivera Alvarado released on conditions. Upon issuance of the release orders, both brothers were released to ICE custody pursuant to the lodged detainers.

3.   Upon their return to ICE custody, ICE took steps to effect their removal from this country to their native Honduras. When airline reservations were obtained to effect the brothers removal, the government filed on August 21, 2004 the above referenced motion in both cases. The motion in Judge Young's case was given, due to Judge Young's absence from the courthouse, to Judge Wolf as the Emergency District Judge for the month of August. On August 23, 2004, Judge Wolf allowed the motion (without prejudice to the matter being reconsidered by Judge Young) and issued the requested arrest warrant, which was executed August 24, 2004 by the United States Marshal. On the afternoon of August 24, 2004, this Court, at the government's request, and upon the government's representation of Judge Wolf's action in the case of Rodas Alvarado and his intent to hold a hearing the following morning in that case, allowed the

government's motion and issued an arrest warrant for Juan Rivera Alvarado.

4.   Unbeknownst on August 23, 2004 to Judge Wolf, on August 21, 2004, after having been provided by his chambers a copy of the government's motion in the Rodas Alvarado case, Judge Young denied the government's motion.  When Judge Wolf learned late in the afternoon of August 24, 2004 of Judge Young's prior action on the government's motion, Judge Wolf conducted a hearing at which the government and counsel for Rodas Alvarado were present.  After proving both parties with a copy of Judge Young's ruling, Judge Wolf vacated his earlier allowance of the government's motion in the Rodas Alvarado case.  At that time the government represented that it would transfer Rodas Alvarado back into ICE custody for removal from this country.  The government also represented that to avoid even the possibility of inconsistent results in the two case, it would effect the same result in the case of Juan Rivera Alvarado by instructing the United States Marshal not to execute this Court's arrest warrant, and instructing ICE to make new arrangements for the removal of Juan Rivera Alvarado from this country.

Accordingly, based on the above, the government asks this Court to vacate its order allowing the above referenced

government motion and withdraw the arrest warrant issued pursuant to the government's request.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
TIMOTHY Q. FEELEY
Assistant U.S. Attorney
(617) 748-3172

August 25, 2004

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Charles Rankin, Esq.
> Rankin & Sultan
> 1 Commercial Wharf North
> Boston, MA 02110

This 25th day of August 2004.

_____
TIMOTHY Q. FEELEY
ASSISTANT UNITED STATES ATTORNEY